DENNIS P. WILKINSON, ESQ.
Idaho State Bar No. 6023
The Law Offices of
THOMPSON, SMITH, WOOLF ANDERSON
WILKINSON & BIRCH, PLLC
3480 Merlin Drive
Idaho Falls, Idaho 83404
Telephone: (208) 525-8792
Facsimile: (208) 525-5266
*dennis@eastidaholaw.com*

Attorneys for Plaintiffs, DJ and Katie J. Egan.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DJ and KATIE JILL EGAN, a married couple,<br><br>        Plaintiffs,<br><br>VS.<br><br>EAST IDAHO CREDIT UNION,<br><br>        Defendant. | CASE NO: CV-2015-<br><br>COMPLAINT<br>and DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiffs, DJ and Katie Jill Egan, a married couple (hereinafter referred to as ('Plaintiffs'), by and through their counsel of record and for their cause of action pursuant to the Fair Credit Reporting Act ("FRCA"), *15 U.S.C. § 1681 et seq*., against the Defendant, East Idaho Credit Union, (hereinafter referred to as 'Defendant'), complains and alleges as follows:

COMPLAINT and DEMAND FOR JURY TRIAL -1

## JURISDICTION

1. That at all times material herein the Plaintiffs were and are residents of Clark County in the State of Idaho. Plaintiffs are consumers within the meaning of *15 U.S.C. § 1681a(c)*.

2. Upon information and belief the Defendant was and an Idaho credit union authorized and registered to conduct business in the State of Idaho. At all times relevant hereto the Defendant was providing such services in Eastern Idaho. The Defendant is a furnisher of consumer information as that term is used in the FCRA. It is therefore subject to the requirements of *15 U.S.C. § 1681s-2(b)*.

3. The issues forming the subject matter of this litigation occurred in Bonneville County, Idaho.

4. This is a civil action over which this Court has jurisdiction as it involves a claim under *15 U.S.C. § 1681 p* and *28 U.S.C. § 1331*. Venue is proper in this district since the damage to the Plaintiff's credit was incurred here.

## GENERAL ALLEGATIONS

5. In October of 2012, the Plaintiffs were members of East Idaho Credit Union.

6. In October of 2012, the Defendant began reporting false information regarding the Plaintiffs credit accounts to credit reporting agencies.

7. Specifically the Defendant reported that the Plaintiffs had multiple accounts that were in a bankruptcy filed July of 2012.

8. The Plaintiffs did not file bankruptcy in July of 2012 and the information reported by the Defendant was false.

9. Prior to the false report of bankruptcy the Plaintiffs had good credit. Because of

the false report of bankruptcy the credit scores of the Plaintiffs dropped significantly.

10. The Plaintiffs learned that the information had been falsely reported to the credit reporting agencies in or around January of 2013.

11. The Plaintiffs first disputed the reported bankruptcy in March of 2013.

12. In May of 2013 the Defendant contacted the Plaintiffs and informed them that they were aware of the credit reporting issue and was taking steps to remedy the problem.

13. In October of 2013, the Plaintiffs learned that the Defendant did not remedy the problem and that the false report of bankruptcy was still being reported.

14. Because of this false report the Plaintiffs suffered significant financial damage on or about October 19, 2013 in closing a construction loan associated with a home they were building.

15. The Plaintiffs continued to report the false credit reporting issue to the Defendant.

16. In April of 2014 the Plaintiffs learned that the bankruptcy continued to be reported on their credit report.

17. This false credit reporting continued until July of 2014 despite the Plaintiffs notifying the Defendant of the false reporting on a regular monthly basis.

18. The false credit reporting was not remedied despite the Plaintiffs best efforts until August of 2014.

19. The Defendants actions by failing to properly investigate and remedy the false information were in violation of the FCRA.

20. The FCRA creates a private right of action to enforce as well as seek damages and attorney fees under *15 U.S.C § 1681s-2b*.

21. Because of the Defendant's failure to properly investigate the false information

and remedy the report of it to consumer credit companies the Plaintiff's have sustained significant damage.

## COUNT I
## FAIR CREDIT REPORTING ACT

22. Plaintiffs reallege the allegations contained in Paragraphs 1-21 above and incorporate the same herein by reference as if set forth fully.

23. The Defendant violated the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681s-2(b), in that Defendant knew from the information in its files that it could not verify the information in question but, willfully and intentionally refused to report the correct result of its investigation to the national credit reporting agencies.

24. Defendant failed to conduct a reasonable investigation with respect to the disputed information, and/or failed to review all relevant information before reporting back to the national credit reporting agencies in violation of 15 U.S.C. § 1681s-2(b).

25. At all times referenced herein, the conduct and action of the Defendant was negligent and/or willful.

26. In continuing to violate the Act despite written notice, Defendant has acted intentionally, willfully, recklessly and in disregard to the Plaintiffs' rights.

27. As a result of the Defendant's conduct the Plaintiffs' suffered lower credit scores and a substantially higher interest rate on a mortgage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DJ and Katie seek a judgment from Defendant, East Idaho Credit Union as follows:

A. For a judgment against Defendant for actual and statutory damages in an amount to be determined at trial;

B.	For reasonable attorneys fees and costs as provided by the Fair Credit Reporting Act and Idaho Code § 12-120 and 12-121; or as may otherwise be allowed by law.

C.	For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 7th day of October, 2015.

                              THOMPSON, SMITH, WOOLF ANDERSON
                              WILKINSON & BIRCH, PLLC


                              By _____/s/_____
                                  Dennis P. Wilkinson, Esq.