UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DJ and KATIE EGAN, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>EAST IDAHO CREDIT UNION,<br><br>Defendant. | Case No. 4:15-cv-00471-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Eastern Idaho Credit Union's (EICU) Motion for Summary Judgment. Dkt. 23.[1] Additionally, EICU's Motion to Strike (Dkt. 26) is also ripe for review. This Motion was filed in conjunction with EICU's reply to summary judgment and deals with matters related to the Plaintiff's Response (Dkt. 24) to the Motion.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court **GRANTS** both Motions.

///

///

---

[1] The Court notes that technically this is a renewed motion for summary judgment as the first was dismissed without prejudice due to court statistical tracking and a stipulated extension of time by the parties.

## II. BACKGROUND

*A. Factual Background*

The facts of this case are relatively straightforward. D.J. and Katie Egan (Egans) are longtime members of EICU. Sometime during October 2012, EICU began reporting to the credit reporting agency Experian that the Egans had filed for bankruptcy in July 2012. This however was false. The Egans had not declared bankruptcy, but for reasons unknown (then and now) EICU mistakenly reported that the Egans had sought bankruptcy protection earlier that summer.

As a result of this negative credit report, when the Egans closed on a construction loan with the Bank of Commerce that same month they were subject to a substantially higher interest rate. The Egans now seek damages.

*B. Procedural Background*

On October 7, 2015, the Egans initiated this lawsuit against EICU. The Egans' sole cause of action is this case asserts that EICU violated the Fair Credit Reporting Act.

EICU originally moved for summary judgment on July 11, 2016. Thereafter the parties stipulated to an extension of time to file response/reply briefs. Dkt. 19. Based upon this delay, and the desire to avoid dated statistical tracking of case motions, the Honorable Ronald E. Bush denied the Motion for Summary Judgment without prejudice and directed EICU to refile the motion immediately. Dkt. 22. EICU acted accordingly and, thereafter, the parties followed the standard briefing schedule.

In conjunction with its final brief on summary judgment, EICU also filed a Motion to Strike. Dkt. 26. This motion sought to strike portions of the affidavit of D.J. Egan and corresponding attachments, which were filed in support of the Egans' objection to summary

judgment. Dkt. 24. The Motion to Strike and the Motion for Summary Judgment are intertwined and will be addressed simultaneously.

## III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted).

In considering a motion for summary judgment, this Court must "view[] the facts in the non-moving party's favor." *Id*. To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, this Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

## IV. ANALYSIS

Like the facts of this case, the legal issue is simple and straightforward. Under the Fair Credit Reporting Act a "notice of dispute" must be received from a credit reporting agency indicating that a consumer disputes information on their report before the furnisher of

information is required to investigate.[2] In this case, EICU claims that they never received this notice and were under no obligation to correct anything. The Egans claim that this notice was in fact issued. However, in order to prove their position, the Egans must rely on hearsay materials which were produced after the close of discovery in this case. These materials are the subject of the Motion to Strike.

Simply put, if the Court strikes the materials, there are no material facts and summary judgment is appropriate. If the Court allows the hearsay materials to be considered, there is a dispute of material fact and summary judgment will not be granted. After a thorough review the Court will **GRANT** the Motion to Strike and **GRANT** the Motion for Summary Judgment.

The Fair Credit Reporting Act (FCRA) was passed in 1970 to ensure "fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). The Act imposes responsibilities on all parties who furnish information to consumer reporting agencies. 15 U.S.C. § 1681s-2(a)(l). FRCA also prohibits information furnishers from reporting information to a consumer reporting agency that they know is inaccurate, or which they have reasonable cause to believe is inaccurate. *Id.*

A duty is imposed by FRCA upon a person who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies. Upon receipt of a "notice of dispute" from a consumer reporting agency a furnisher is required to conduct an

---

[2] 15 U.S.C. 1681s-2(b)

investigation. A "notice of dispute" is a notice from a consumer reporting agency that the consumer disputes the information on his or her credit report. 15 U.S.C. 1681s-2(b) states:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

This "notice of dispute" from a consumer reporting agency triggers the duty of the furnisher of information to investigate the dispute. *Id.* According to the Ninth Circuit, "these duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (citing *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002) (holding that a notice of dispute from a consumer reporting agency starts the process whereby a furnisher is required to investigate a claim as required by section 2(b)).

In other words, while the Egans claim that they talked to people at EICU about the issues, EICU was not under any legal obligation to investigate until Experian sent them a notice of dispute. EICU filed their summary judgment motion indicating that they never received this notice. In their response, the Egans attached an affidavit from D.J. Egan in which he outlines that

they did in fact follow this procedure. Attached to that affidavit is the "notice of dispute" from Experian. Also attached is a letter from EICU to the Bank of Commerce indicating that the Egans' information was being reported incorrectly and would be fixed, and an internal memo purportedly from the Bank of Commerce regarding the Egan's credit situation. It is these statements from D.J. Egan's affidavit, and the corresponding attachments, that EICU objects to and asks the Court to strike from the record. The Court turns to that matter.

On a motion for summary judgment, the Court can only consider evidence that would otherwise be admissible. *Hollingsworth Solderless Terminal Co. v. Turley,* 622 F.2d 1324, 1335 n.9 (9th Cir.1980) (citing *United States v. Dibble,* 429 F.2d 598, 601–02 (9th Cir. 1970)). Documents, which have not had a proper foundation laid to authenticate them, cannot support a motion for summary judgment. *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1182 (9th Cir. 1988).

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The Ninth Circuit has further explained the evidence required to authenticate a writing:

> A writing is not authenticated simply by attaching it to an affidavit, even if the writing appears on its face to have originated from [a named source]. . . . The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery.

*Dibble*, 429 F.2d at 602. These authentication requirements have not been met in this case. D.J. Egan is the sole person who has testified about these documents and he did not create any of them.

An otherwise inadmissible document, however, may still be admissible if an exception to the hearsay rules exist. For example, other jurisdictions have deemed credit reports admissible under the business records exception; however, even then, testimony from an individual with actual knowledge of how the credit reports were created was necessary for the documents to be considered by the Court. *See Gannon v. IC Sys., Inc.,* No. 09-60302-CIV, 2009 WL 3199190, at *2 (S.D. Fla. Sept. 25, 2009) (citing *United States v. DeFrisco*, 441 F.2d 137, 140 (5th Cir. 1971)). Such a rule comports with the general provision that personal knowledge is the key to admissibility. *See Idaho Conservation League v. Atlanta Gold Corp.,* 844 F. Supp. 2d 1116, 1124 (D. Idaho 2012). While the general authentication of the three attachments themselves is a problem, so too is the appropriate knowledge which would need to be presented by someone familiar with the facts and procedures under which the documents were created.

In sum, there are multiple problems with D.J. Egan's affidavit and the attached documents which cannot be overcome. The Court, therefore, cannot consider these statements and documents.

First, as noted, none of the attachments pass the general admissibility test as no foundation has been laid which would allow the Court to consider them. The statements D.J. Egan made in his affidavit are based upon his information and belief. Information and belief however do not qualify as person knowledge. *Mickelsen v. Albertson's, Inc.,* 226 F. Supp. 2d 1238, 1241 (D. Idaho 2002) (citing *Bank Melli Iran v. Pahlavi,* 58 F.3d 1406, 1412 (9th Cir. 1995)).

Second, no exception to hearsay exists. In particular, the business records exception does not apply, as the Egans have not presented the Court with any affidavits or statements from anyone at Experian, EICU, or the Bank of Commerce who has personal knowledge of how these

documents were compiled. Of specific mention is the "notice of dispute." The Egans have not presented anyone from Experian with the requisite knowledge who can verify how that notice was compiled and what it means for the Egans, EICU, and this case.

Third, the Egans presented this information after the close of discovery, which is prejudicial to EICU. In this case, all discovery was to be completed by October 31, 2016. The Egans served this affidavit and attached documents on EICU as supplemental discovery responses on November 16, 2016, prior to filing them as part of their Response to Summary Judgment on November 21, 2016. As discovery was already closed, however, EICU did not have any opportunity to depose the individuals involved with any of these letters or emails.

Fourth and finally, the Egans failed to respond to EICU's Motion to Strike. Absent an explanation as to why this information was not brought forward until after the close of discovery, or any defense as to EICU's assertion that such is hearsay and should be stricken, the issue is all but conceded and the Court is left with little choice in the matter.

## V. CONCLUSION

For all the reasons set forth above the Court will strike the relevant portions of D.J. Egan's affidavit and supporting exhibits 1, 2, and 3[3] as hearsay.

Without this information, the Court must also grant EICU's Motion for Summary Judgment. Absent admissible evidence showing a "notice of dispute," the Egan's have not complied with the Fair Credit Reporting Act and their claim fails.

///

///

---

[3] Although called "1", "2", and "3" in D.J. Egan's affidavit, they are attached as Exhibit "A", "B", and "C." This discrepancy aside, these three documents are stricken.

## VI. ORDER

1. Defendants Motion to Strike (Dkt. 26) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (Dkt. 17) is **GRANTED**.

3. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: September 29, 2017

Honorable David C. Nye
United States District Court